[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a petition seeking habeas corpus relief from allegedly unlawful confinement resulting from a judgment of conviction, after pleas of guilty, for manslaughter first degree, in violation of General Statutes § 53a-55a(a); carrying a pistol without a permit, in violation of General Statutes § 29-35; and altering the identification number on a pistol, in violation of General Statutes § 29-36, upon which judgment the petitioner received a total, effective sentence of twenty-seven years incarceration.
The petitioner claims his confinement is unlawful because he misunderstood the sentence to be recommended by the prosecutor in exchange for his agreement to change his pleas to guilty. Specifically, the petitioner avers that he believed the plea agreement called for a recommended sentence of twenty-seven months CT Page 552 instead of twenty-seven years.
The petitioner testified at the habeas hearing that he emigrated to the United States from his native Jamaica. In Jamaica he attended school through the third or fourth grade. He indicated; that his primary language was a Jamaican patois and that he encounters difficulty communicating with and comprehending English speakers from the United States. He further remarked that his trial counsel, Attorneys Beth Merkin and Jerome Rosenblum, instructed him that he should ask no questions of the trial court during the judge's canvass of his guilty pleas, but he was to respond to the judge's questions with answers supplied to him by counsel. He also stated that he first learned that the length of his sentence was twenty-seven years after he arrived at Somers prison.
Rosenblum also testified at the habeas hearing. He related that, although the petitioner's accent required Rosenblum to listen carefully when the petitioner spoke, he was able to communicate smoothly and effectively with the petitioner. Rosenblum stated that he was lead counsel and engaged in numerous conversations with the petitioner concerning his case. Rosenblum noted that the prosecution had made an offer to recommend twenty-five years to serve early on in the case, that Rosenblum conveyed this offer to the petitioner, and that the petitioner rejected the offer. After jury selection began, the petitioner decided to change his plea. At that point, the prosecution was willing to recommend a sentence of twenty years to serve on the manslaughter count, five years on the carrying without a permit, and two years on the altered identification number count, consecutive to each other, for a total, effective sentence of twenty-seven years incarceration. Rosenblum added that he explained this offer to the petitioner in detail and that, contrary to the petitioner's testimony, the petitioner correctly understood the terms of the offer.
He also related that he requested no interpreter because the petitioner did not need one. Rosenblum denied that, at the plea hearing, the petitioner merely regurgitated answers fed to him by Rosenblum or anyone else.
The court has reviewed the transcripts of the plea and sentencing hearings (Petitioner's Exhibits A and B). When the trial court inquired as to the petitioner's understanding of the proposed plea agreement, the court employed the words "year" or "years" seven times (Petitioner's Exhibit A, pp. 18 and 19). CT Page 553 During the sentencing hearing, the prosecutor reiterated the specific terms of the recommended sentence and used the word "years" four times (Petitioner's Exhibit B, p. 2). In pronouncing the sentence, the court also spoke the word "years" four times (Petitioner's Exhibit B, pp. 4 and 5). At no time during the plea canvass or sentencing proceeding did the petitioner object to, seek clarification of, or voice confusion over the stated agreement.
Credibility is for the trier-of-fact to determine. The court finds Rosenblum's version of events to be credible and accurate, and the court finds that the petitioner knew the plea agreement called for a total, effective sentence recommendation of twenty-seven years to serve. The petitioner conceded that, at the time he pleaded guilty, he understood the difference between the English' words "year" and "month." Also at that time the petitioner was serving another prison sentence of eight years, suspended after four years for a narcotics conviction. It strains credibility to suggest that the petitioner believed he was to receive a lesser sentence for intentionally shooting and killing a person than for a narcotics violation. In short, based on all the evidence adduced, the court disbelieves the petitioner's claim that he misunderstood the plea agreement and recommended sentence.
The burden of proof in a habeas corpus case is on the petitioner to establish his claim of illegal confinement by a preponderance of the evidence, Paulsen v. Manson, 193 Conn. 333,337 (1984). The petitioner has failed to meet this burden. For the above reasons, the petition is dismissed.
Sferrazza, J.